IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DAVID R. ADAMS, JR.**                                                                  **PLAINTIFF**

**v.**                                                  **CIVIL NO. 1:22-cv-00187-HSO-RPM**

**MIKE EZELL, et al.**                                               **DEFENDANTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After considering the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

### I. BACKGROUND

On July 21, 2022, pro se Plaintiff David R. Adams, Jr., filed this civil action challenging the conditions of his confinement under 42 U.S.C. § 1983. Compl. [1] at 3. He names Mike Ezell and Tyrone Nelson as Defendants and avers that they are liable for committing equal-protection violations at the Jackson County Adult Detention Center ("JCADC") in Pascagoula, Mississippi—where Plaintiff was housed when he filed his Complaint. *Id*. at 2, 4. Specifically, Plaintiff says that he suffered discrimination while housed at JCADC because male sex offenders are treated differently than female sex offenders. *Id*. at 4. Male sex offenders are allegedly "locked down" without "the same rights as general population," while female sex offenders are housed in the general population. *Id*. Also, female sex offenders allegedly enjoy more educational and job opportunities than male sex offenders. *Id*. Plaintiff is proceeding *in forma pauperis* in this case. Order [7].

After conducting its initial screening under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, the Court issued notices of lawsuit and requests to waive service of process to both Defendants. Order [10]. Both Defendants waived service of process on October 3, 2022, and answered Plaintiff's Complaint on November 1, 2022. Waiver [16]; Waiver [17]; Answer [26].

During this time, counsel for Defendants filed several notices of returned mail, indicating that Plaintiff is no longer housed at JCADC. Notice [20]; Notice [21]; Notice [22]; Notice [23]; Notice [28]. On October 25, 2022, the Court ordered Plaintiff to file a written response on or before November 8, 2022, to advise the Court whether he is presently incarcerated. Order [24]. Plaintiff was warned that "[f]ailure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this lawsuit being dismissed without prejudice and without further notice." *Id*. at 1. That Order was mailed to Plaintiff at his last-known mailing address, and it was returned as undeliverable in an envelope marked, "No longer at this facility." Envelope [25]. Plaintiff did not comply with the Court's Order [24] by the November 8 deadline.

On November 9, 2022, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's October 25 Order. Order [27]. Plaintiff's responsive deadline was extended to November 23, 2022, and he was again warned "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . will result in this lawsuit being dismissed without prejudice and without further notice to Plaintiff."

2

*Id*. at 1-2.  This Order, along with a copy of the Court's October 25 Order, was mailed to Plaintiff at his last-known mailing address, but it was returned to the Court as undeliverable in an envelope marked, "No longer at this facility." Envelope [29].  Once again, Plaintiff did not comply with the Court's Order [27] by the November 23 deadline.

On November 30, 2022, the Court entered a Second and Final Order to Show Cause, directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [24] [27]."  Order [30] at 2.  Plaintiff was directed to file a written response on or before December 14, 2022.  *Id*.  Plaintiff was also directed, on or before the December 14 deadline, to comply with the Court's October 25 Order [24] by answering the questions posed therein.  *Id*.  Plaintiff was again warned "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . **will result** in this lawsuit being dismissed without prejudice and without further notice to Plaintiff."  *Id*. (emphasis in original).  Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [24] [27]."  *Id*.  That Order, with copies of the Court's October 25 and November 9 Orders [24], [27], was mailed to Plaintiff at his last-known address and to his attention at the Hinds County Detention Center—where the Court's independent research suggested that he had been relocated.  *See id*.  Both mailings were returned to the Court as undeliverable.  Envelope [31]; Envelope [32].

To date, Plaintiff has not responded to the Court's October 25, November 9, and November 30 Orders [24], [27], [30] or otherwise contacted the Court about his case since August 31, 2022. *See* Response [9].

## II. DISCUSSION

The Court may dismiss an action sua sponte for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30; *see also, e.g.*, *Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (affirming sua sponte dismissal of a prisoner's case for failure to comply with court orders); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (same).

Plaintiff did not comply with three Court Orders [24], [27], [30], after being warned nine times that failing to do so may lead to the dismissal of his case. *See* Second and Final Order to Show Cause [30] at 2; Order to Show Cause [27] at 2; Order Requiring Plaintiff to Respond [24] at 1; Order of Referral [13] at 1; Order [10] at 2; Order Requiring Plaintiff to Respond [8] at 2; Order Setting Payment Schedule [7] at 2; Order Requiring Plaintiff to Respond [5] at 2; Order [3] at 2. Despite these warnings, Plaintiff has not contacted the Court or taken any action in

this case since August 31, 2022. *See* Response [9]. Given his clear record of delay and contumacious conduct, it is apparent that Plaintiff no longer wishes to pursue this lawsuit.

Moreover, the statute of limitations on Plaintiff's claims has not expired. *See Showers v. City of Bay St. Louis*, No. 1:19-cv-00323-TBM-RPM, 2022 WL 989149, at *2 (S.D. Miss. Mar. 31, 2022) ("The statute of limitations for [Section] 1983 claims in Mississippi is three years.") (quotation omitted). Under these circumstances, dismissal without prejudice is warranted.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this 21st day of December, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE